IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND (Baltimore)

| | |
|---|---|
| In Re:<br><br>Kenisha R. Wright<br>a/k/a Kenisha R. Hubbard,<br><br>    Debtor<br><br>and<br><br>Michael Anthony Wheeler,<br><br>    co-Debtor<br><br>---<br><br>Consumer Portfolio Services, Inc.<br><br>    Movant<br>v.<br><br>Kenisha R. Wright<br>a/k/a Kenisha R. Hubbard<br>Michael Anthony Wheeler, co-Debtor<br>Brian A. Tucci, Trustee<br><br>    Respondents | Case No. 24-15495<br>Chapter 13 |

**Motion for Relief From Debtor & Co-Debtor Automatic Stay**
**as to one (1) 2018 Ford Transit VIN 1FTYR2CM2JKB01565**
**and Request for Waiver of 14-Day Stay of Bankruptcy Rule 4001 (a)(3)**

    Consumer Portfolio Services, Inc. ("CPS") by its counsel, moves for relief from the Debtor and co-Debtor automatic stay imposed by 11 U.S.C. §362 (a) and 11 U.S.C. §1301 (a) as to its secured interest in one (1) 2018 Ford Transit VIN 1FTYR2CM2JKB01565 and Waiver of 14-Day Stay of Bankruptcy Rule 4001 (a)(3) and states:

    1.    This court has jurisdiction over this Motion pursuant to 28 U.S.C. § 1334, 11 U.S.C. § 362 (a) and 1301 (a), and Federal Rules of Bankruptcy Procedure 4001 and 9014.

    2.    As required by Local Rule 4001-1(2), Prospective Relief, the title of this filing

clearly and conspicuously requests waiver of the 14-day stay of Bankruptcy Rule 4001 (a)(3) and cause exists to waive the 14-day stay because the Debtor and co-Debtor have not made a payment on the loan financed CPS for their purchase of the 2018 Ford Transit VIN 1FTYR2CM2JKB01565 for more than 13 months leaving a sizable deficiency.

3. On 06/28/2024, the Debtor filed a voluntary petition for relief under Chapter 13 of the Bankruptcy Code (ECF No. 1).

4. Prior to filing for bankruptcy, the Debtor and non-filing co-Debtor Michael Anthony Wheeler executed and delivered to the seller a Retail Installment Sale Contract - Simple Finance Charge ("Contract") to finance the purchase of the one (1) 2018 Ford Transit VIN 1FTYR2CM2JKB01565 (Exhibit No. 1). The Contract obligates the Buyers to remit 75 consecutive monthly installment payments of $799.11 each beginning on 05/17/2022 (Exhibit No. 1).

5. To secure repayment of the loan, the buyers also granted and/or conveyed to the lender a security interest in the Collateral (See Exhibit No. 1). CPS perfected its interest in the Collateral as evidenced by the Lien and Title Information attached hereto as Exhibit No. 2.

6. Debtor's proposed plan does not list and therefore fails to treat CPS's secured claim established by CPS's Proof of Claim as to one (1) 2018 Ford Transit VIN 1FTYR2CM2JKB01565 with pre-petition arrears in the amount of $10, 373.44 (ECF No. 2 and Claim 2-1, respectively).

7. Having filed for bankruptcy protection on 06/28/2024, the account at issue is due for the 06/17/2023 payment and is therefore thirteen (13) months in pre-petition arrears in the amount of $10,373.44 and one (1) month in post-petition arrears in the amount of $799.11 with a current payoff amount of $35,195.28 (Exhibit No. 3).

8. Movant believes that there is no equity in the Collateral if sold at retail or

liquidated (Exhibit No. 4, Manheim Market Report) and therefore pursuant to 11 U.S.C. § 362 (d)(2), terminating the stay is appropriate relief.

9. Under 11 U.S.C. §362 (c)(2) and 11 U.S.C. §1301 (a)(2), the automatic stay shall remain in effect until the case is closed, dismissed, or a discharge is issued, none of which has occurred in this case.

10. The Collateral, moreover, is not necessary for an effective reorganization.

11. Movant has been and continues to be irreparably injured by the Debtor's stay of 11 U.S.C. §362(a) which prevents Movant from enforcing its rights under the Contract.

12. Movant also has been and continues to be irreparably injured by the co-Debtor's stay of 11 U.S.C. §1301(a) which prevents Movant from enforcing its rights under the Contract. The co-Debtor, Michael Anthony Wheeler, received the consideration for the claim held by such creditor and the plan filed by the Debtor proposes to pay such claim pro rata.

13. In addition, cause exists to terminate, annul, or modify the automatic stay to allow Movant to exercise its rights under the terms of the Contract.

WHEREFORE, Movant requests this Court to enter an order terminating the Automatic Stay of 11 U.S.C. § 362(a) and 11 U.S.C. §1301(a) as to the Collateral, one (1) 2018 Ford Transit VIN 1FTYR2CM2JKB01565, waiving the 14-Day Stay of Bankruptcy Rule 4001 (a)(3), and granting such other and further relief as the nature of the cause may require.

Date: 07/31/2024         /s/ Amy K. Kline
                         Amy K. Kline, 08382
                         Amy K. Kline Law
                         35 Franklin Boulevard
                         Reisterstown, MD 21136
                         410-526-9551/Fax 410-526-9554
                         *akline@amyklinelaw.com*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 31st day of July 2024 a copy of the Motion for Relief from Debtor and co-Debtor Automatic Stay as to one (1) 2018 Ford Transit VIN 1FTYR2CM2JKB01565 and Waiver of 14 Day Stay of Bankruptcy Rule 4001 (a)(3) was served electronically to the following CM/ECF registrants:

Eric S. Steiner, Debtor's Counsel
*info@steinerlawgroup.com*

Brian A. Tucci, Trustee
*ECF@ch13balt.com*

And, mail, first class and postage prepaid, to:

Kenisha R. Wright
a/k/a Kenisha R. Hubbard
20 Lambourne Road, Apt. 328
Towson, MD 21204

Michael Anthony Wheeler, co-Debtor
20 Lambourne Road, Apt. 328
Towson, MD 21204

                                                /s/ Amy K. Kline
                                                Amy K. Kline